UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FRANK MINAUDO, As Proposed Executor of
The Estate of MARIO MINAUDO, Deceased,

                                     Plaintiff,                                    REPORT AND
                                                                               RECOMMENDATION

        -against-

                                                                                22-CV-2579 (EK)

SUNRISE AT SHEEPSHEAD BAY, et al.,

                                Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Plaintiff Frank Minaudo, as proposed executor of the Estate of Mario Minaudo, deceased ("plaintiff"), brought this personal injury action in New York State Supreme Court, Kings County, against defendants Sunrise at Sheepshead Bay and GWC-Sheepshead Bay, Inc. ("GWC").[1] On May 5, 2022, defendant GWC removed the action to this Court based on federal diversity jurisdiction. On June 1, 2022, this Court directed GWC to show cause why the action should not be remanded to state court for lack of federal subject matter jurisdiction. See Order to Show Cause (June 1, 2022). For the reasons set forth below, this Court denies GWC's request, over plaintiff's objection, see Response in Opposition (June 9, 2022), DE #12, for an extension of time to respond to the Order to Show Cause, and recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

---

[1] According to defendant GWC-Sheepshead Bay, Inc., defendant Sunrise at Sheepshead Bay is not a suable entity: "'Sunrise at Sheepshead Bay' is the name of an assisted living residence." See Notice of Removal (May 5, 2022) ("Notice") ¶ 5(c), Electronic Case Filing ("ECF") Docket Entry ("DE") #1.

## BACKGROUND

On March 31, 2022, plaintiff commenced this case in state court, asserting claims relating to the decedent's death from COVID-19, while a resident at GWC's nursing home. See Complaint ¶ 1, DE #2 at ECF p. 14.  In compliance with the New York State pleading rules, the complaint did not specify the amount of damages sought.  See N.Y. C.P.L.R. § 3017(c) ("[i]n an action to recover damages for personal injuries or wrongful death, the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled").

GWC received notice of the suit on or about April 5, 2022, see Notice ¶¶ 7, 9, and removed the action 30 days later.  In response to this Court's Order to Show Cause why the case should not be remanded, GWC states that it served requests for admission on plaintiff on June 7, 2022, to ascertain whether plaintiff admits or denies "whether the amount in controversy requirement is satisfied."  See Letter Motion for Extension of Time to File Response/Reply as to Order to Show Cause (June 8, 2022) ("6/8/22 GWC Ltr."), DE #11.  Accordingly, GWC requests a one-month extension of time to fully respond to the Court's Order to Show Cause, in order to await plaintiff's response to GWC's discovery demand.  See id.

## DISCUSSION

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction.  See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d

2

642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c).  The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

     Pursuant to 28 U.S.C. § 1446(b), the notice of removal must be filed within 30 days after the defendant has received a copy of the complaint or some other "paper that explicitly specifies the amount of monetary damages sought."  Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (*per curiam*); see 28 U.S.C. § 1446(b).  "Jurisdictional facts, such as the amount in controversy[,] are evaluated on the basis of the pleadings, viewed at the time when defendant files the notice of removal."  Adam Devs. Enters., Inc. v. Arizon Structures Worldwide, LLC, No. 13-CV-261 (DLI)(RML), 2013 WL 5532752, at *2 (E.D.N.Y. Sept. 30, 2013) (quoting Houston v. Scheno, No. 06-CV-2901 (SJF), 2007 WL 2230093, at *3 n.3 (E.D.N.Y. July 31, 2007)); see Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006).  In the instant action, inasmuch as the complaint served on defendant contains no *ad damnum*, GWC effectively concedes that at the time it filed its Notice of Removal, it was not in possession of any information regarding damages other than plaintiff's allegation in the complaint that the decedent's injuries resulted in his death.  See 6/8/22 GWC Ltr.  Indeed, in asserting that the claim meets the amount-in-controversy requirement, GWC's notice of removal simply states that the case involves "serious personal injuries and ultimately the loss of a life."  Notice ¶ 6.  However, contrary to the assumption at the heart of the Notice, courts in this District have rebuffed removal attempts predicated solely on allegations of severe injury or

3

predictions that the damages to be sought by plaintiff would exceed $75,000. See, e.g., Kaur v. Levine, CV07-0285(FB)(JO), 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007) (wrongful death action); Bellocchio v. Enodis Corp., 499 F.Supp.2d 254, 256 (E.D.N.Y. 2007) (remanding where plaintiff alleged "severe painful and permanent crushing injuries to plaintiff's primary left hand, . . . loss of [u]se of her left hand, wrist and arm") (alterations in original).

GWC's response to this Court's Order to Show Cause makes clear that it is still not in possession of a specified amount of damages. Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo, 28 F.3d at 273-74. As GWC has failed to satisfy its burden in this regard, the District Court should remand the action. See Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

Nor is GWC entitled to additional time to fill this gap through discovery demands recently served on plaintiff. See generally Lupo, 28 F.3d at 274 (declining defendant's "invitation" to return the case "to the district court to give [defendant] an opportunity to establish the requisite jurisdictional amount in controversy"). Setting aside the fact that jurisdictional facts are evaluated on the basis of the pleadings at the time of removal, see, e.g.,

4

Adam Devs., 2013 WL 5532752, at *2, Rule 26(d)(1) of the Federal Rules of Civil Procedure forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)," except as "authorized . . . by court order[,]" upon a showing of good cause, Fed. R. Civ. P. 26(d)(1); see In re BitTorrent Adult Film Copy. Infringement Cases, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012), adopted sub nom. Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012). GWC's discovery requests were served prematurely, without complying with Rule 26(f).

GWC was not without a remedy when it was served with a summons and complaint lacking an *ad damnum*. Under New York law, a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). If the plaintiff fails to serve a supplemental demand "within fifteen days [of the request], the court, on motion, may order that it be served." N.Y. C.P.L.R. § 3017(c). GWC should have availed itself of the state's procedures rather than removing the action to this Court without the proper basis on which to do so. See O'Neill v. Target Corp., 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *3 (E.D.N.Y. June 25, 2021) (collecting cases); Faktorovich, 2017 WL 1331264, at *2; accord De Garcia v. Tropicana Ent. Inc., 22-CV-12 (AMD) (JRC), 2022 WL 375996, at *3 (E.D.N.Y. Feb. 8, 2022).

## CONCLUSION

For the foregoing reasons, this Court denies GWC's request for additional time to ascertain "whether the amount in controversy is satisfied" and respectfully recommends that this case be remanded for lack of jurisdiction to Supreme Court, Kings County.

Any objections to this Report and Recommendation must be filed with the Honorable Eric R. Komitee on or before June 24, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

**Dated:**   **Brooklyn, New York**
             **June 10, 2022**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**