UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

FRANK MINAUDO, as proposed executor
of the estate of Mario Minaudo,
deceased,                                    **MEMORANDUM & ORDER**
                                             22-CV-2579(EK)(RLM)

                Plaintiffs,

            -against-

SUNRISE AT SHEEPSHEAD BAY and GWC-
SHEEPSHEAD BAY, INC.,

              Defendants.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Plaintiff Frank Minaudo, as proposed executor of the
estate of Mario Minaudo, brought this action in New York state
court against defendants Sunrise at Sheepshead Bay and GWC-
Sheepshead Bay, Inc. ("GWC"), an assisted living facility and
its operator, respectively.[1]  Minaudo asserted multiple state-law
claims arising from what he alleges was Defendants' role in
causing his father's death from COVID-19 while he was a resident
at the facility.  *See* Compl. ¶ 1, ECF No. 2.  GWC timely removed
the case to this Court, invoking diversity jurisdiction.  Notice
of Removal ¶¶ 2-3.

---

[1] GWC asserts that the other named defendant, Sunrise at Sheepshead Bay,
is not a suable entity, as that is merely the name of the assisted living
facility that it owns and operates.  *See* Notice of Removal ¶ 5, ECF No. 1.

Magistrate Judge Roanne Mann issued an order to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. *See* Docket Order dated June 1, 2022. After GWC requested an extension of time to respond, Judge Mann issued a *sua sponte* report and recommendation ("R&R"), recommending remand to state court for lack of subject-matter jurisdiction because GWC had not met its burden to show that the amount-in-controversy requirement for diversity jurisdiction had been met.[2] R&R 1, ECF No. 13.[3] GWC objected to the R&R. Def.'s Obj. to Magistrate Judge R&R ("Def.'s Obj."), ECF No. 14. For the reasons set forth below, the Court adopts Judge Mann's R&R in full and remands the case.[4]

## I.  Legal Standards

A federal district court may entertain a lawsuit only when it has both the "statutory [and] constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113

---

[2] Diversity of citizenship is not at issue here. GWC asserts that Minaudo, as the proposed executor of an estate, is a citizen of New York, and GWC is a citizen of Virginia. Notice of Removal ¶ 5.

[3] Page numbers in citations to record documents other than briefs refer to ECF pagination.

[4] Plaintiff has filed a similar suit against Defendants relating to the death of Marie Minaudo at the same facility. *See Minaudo v. Sunrise at Sheepshead Bay*, No. 22-CV-2581 (E.D.N.Y. 2022). Along with this order, I am simultaneously entering an order to show cause in that case why it too should not be remanded for the same reasons.

(2d Cir. 2000).[5]  "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."  *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997).  Because GWC removed this case, it bears the burden of establishing subject-matter jurisdiction.  *Id.*

When a party submits a timely objection, as GWC did, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Those portions of the R&R that are not objected to are reviewed for clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's notes; *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

## II.  Discussion

Judge Mann recommends that I remand the case to state court because GWC did not meet its burden to establish that the amount in controversy exceeds $75,000, thus failing to properly invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value

---

[5] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

of $75,000" and is between "citizens of different states."  28
U.S.C. § 1332.  At issue here is the amount-in-controversy prong
of diversity jurisdiction.  "It is well-settled that the party
asserting federal jurisdiction bears the burden of establishing
jurisdiction," and it must establish jurisdiction by a
"preponderance of evidence."  *Platinum-Montaur Life Scis., LLC
v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir.
2019); *see United Food & Com. Workers Union, Loc. 919 v.
CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d
Cir. 1994) ("[T]he party asserting jurisdiction must support
[any challenged jurisdictional] facts with competent proof and
justify its allegations by a preponderance of evidence.").

Section 1446 clarifies the amount-in-controversy
pleading standard when a removing defendant invokes the court's
diversity jurisdiction.  28 U.S.C. § 1446.  When the initial
pleading alleges a specific amount of damages, that sum, if
"demanded in good faith . . . shall be deemed to be the amount
in controversy."  *Id.* § 1446(c)(2).  When the initial pleading
seeks monetary damages but "State practice . . . does not permit
demand for a specific sum," the notice of removal may instead
assert the amount in controversy.  *Id.* § 1446(c)(2)(A)(ii).
"[A] defendant's notice of removal need include only a plausible
allegation that the amount in controversy exceeds the
jurisdictional threshold."  *Dart Cherokee Basin Operating Co.,*

*LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount," however, is required "when the plaintiff contests, or" — as relevant here — "the court questions, the defendant's allegation." *Id.* In such a case, removal is proper if the court "finds, by the preponderance of the evidence," that the amount in controversy exceeds $75,000. § 1446(c)(2)(B). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). Federal courts "construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *Cruger v. Perfecto Indus., Inc.*, No. 22-CV-09540, 2022 WL 16919920, at *2 (S.D.N.Y. Nov. 14, 2022).[6]

A defendant removing a personal injury or wrongful death action from New York state court, moreover, need not guess at the amount in controversy; New York state law provides a

---

[6] In *Dart Cherokee*, the defendant had removed the case to federal court under the Class Action Fairness Act of 2005 ("CAFA"). 574 U.S. at 84. While noting that "no antiremoval presumption attends cases invoking CAFA," the Supreme Court did not address "whether such a presumption is proper in mine-run diversity cases." *Id.* at 89.

mechanism for establishing exactly that.  While the complaint in such an action "shall not state the amount of damages" sought, N.Y. C.P.L.R. 3017(c), a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled," *id.*  Should the plaintiff fail to serve that demand "within fifteen days," the state court "may order that it be served."  *Id.*  Additionally, a defendant utilizing this mechanism typically does not run the risk of removing too late.  "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see* § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added)).

In this case, GWC fails to meet its burden of establishing that the jurisdictional amount has been satisfied. The state court complaint does not state the specific amount in controversy.  *See* Notice of Removal ¶ 6.  GWC apparently did not request a supplemental demand, as it could have under N.Y. C.P.L.R. 3017(c), to obtain the total damages that Plaintiff is

seeking.  Nor did it provide any additional evidence regarding
Plaintiff's damages allegations after Judge Mann issued the
order to show cause on June 1, 2022.  *See Dart Cherokee*, 574
U.S. at 89.  Instead, GWC offers only the complaint's
allegations and its notice of removal, which states simply the
amount in controversy is met because the action involves
"serious personal injuries and ultimately the loss of a life."
Notice of Removal ¶ 6.

Notwithstanding the severity of the alleged harm,
GWC's showing is insufficient.  Courts in this district have
rejected similar generalized, "boilerplate" allegations as a
basis for asserting the amount in controversy.  *See, e.g.*,
*Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254, 256 (E.D.N.Y.
2007) (remanding case to state court for failing to establish
the amount in controversy where papers stated only that the
plaintiff "suffered grave injuries" including "permanent
crushing injuries" and "disfigurement"); *Kaur v. Levine*, No. 7-
CV-285, 2007 WL 210416, at *2 (E.D.N.Y. Jan. 26, 2007)
(remanding wrongful death action to state court for failing to
establish amount in controversy where papers stated that the
plaintiff "suffered severe serious and fatal injuries"); *cf.*
*Schumacher v. Sunrise Senior Living Mgmt., Inc.*, No. 19-CV-5744,
2021 WL 84284, at *3 (E.D.N.Y. Jan. 11, 2021) (denying motion to
remand wrongful death action, where neither the complaint nor

notice of removal established the minimum amount in controversy,
only because plaintiff represented as much in a separate
filing).

GWC objects to the R&R in two ways, but neither deals
with the failure to plausibly allege, with sufficient factual
content, that the amount in controversy has been adequately
established.  First, GWC states that it "could remove the case
to federal court prior to obtaining from Plaintiff an explicit
statement of damages sought" because it "is capable of
demonstrating the existence of the requisite amount in
controversy" without one.  Def.'s Obj. 1, 5.  For the reasons
stated above, the case was not removable absent a specific
statement or some other evidence regarding the amount of
Plaintiff's damages.  Standing alone, neither the complaint nor
the notice of removal clearly alleges the amount in controversy
or facts adequate to establish the jurisdictional amount has
been exceeded.

Second, GWC contends that it should have been afforded
"additional time" to demonstrate the amount in controversy.  *Id.*
at 1, 6.  GWC cites no basis for an entitlement to additional
time to determine the amount in controversy.  The appropriate
time to do so was before removing the case and invoking the
federal court's jurisdiction on the basis of an amount in
controversy that it did not know.  Before prematurely removing

the case, GWC should have availed itself of N.Y. C.P.L.R. 3017(c) to ascertain the amount of damages that Plaintiff seeks. *See Cavaleri v. Amgen Inc.*, No. 20-CV-1762, 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases that *sua sponte* remanded where the amount in controversy was at issue and defendants had not used demand mechanism under N.Y. C.P.L.R. 3017(c)).

### IV.  Conclusion

For the foregoing reasons, this case is remanded to the Supreme Court of the State of New York, Kings County.  The Clerk of Court is respectfully directed to remand the action, send a certified copy of this Order to the Clerk of that court, and close this case.

SO ORDERED.

_/s/ Eric Komitee_____
ERIC KOMITEE
United States District Judge


Dated:    January 5, 2022
          Brooklyn, New York